## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DENNIS HOPKINS, ET AL.**                                      **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:18cv188-CWR-LRA**

**SECRETARY OF STATE DELBERT**
**HOSEMANN, in his official capacity**                      **DEFENDANT**

_____

### ANSWER AND DEFENSES
_____

Defendant Delbert Hosemann, Secretary of State of Mississippi ("Secretary Hosemann" or "defendant") files this Answer and Defenses to the plaintiffs' Class Action Complaint for Declaratory and Injunctive Relief [Dkt. 1] ("complaint") and states:

### ANSWER

Secretary Hosemann responds to the allegations in the complaint, paragraph-by-paragraph, as follows:

Secretary Hosemann denies the allegations in the various headings and table of contents contained on pages (i) through (ii).

### Preliminary Statement

1.      Denied as stated.  Secretary Hosemann admits only that Section 241 of the Mississippi Constitution referenced in paragraph 1 speaks for itself.  Any remaining allegations in paragraph 1 are denied.

2.      Denied as stated.  Secretary Hosemann admits only that Section 253 of the Mississippi Constitution and the Mississippi legislation referenced in paragraph 2 speak for themselves.  Any remaining allegations in paragraph 2 are denied.

3.      Denied as stated.  Secretary Hosemann admits only that Section 241 of the

Mississippi Constitution referenced in paragraph 1 speaks for itself.  Any remaining allegations in paragraph 3 are denied.

4.      Denied as stated.  Secretary Hosemann admits only that Section 253 of the Mississippi Constitution referenced in paragraph 4 speaks for itself.  Any remaining allegations in paragraph 4 are denied.

5.      Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

6.      Denied as stated.  Secretary Hosemann admits only that the Mississippi Code provision cited in paragraph 8 and footnote one speaks for itself, the Secretary of State's authority, and official duties and responsibilities are defined by Mississippi law, and that he has been sued here solely in his official capacity.  Any remaining allegations in paragraph 8 are denied.

7.      Denied as stated.  Secretary Hosemann admits only that the federal constitutional provisions and statute referenced in paragraph 7 speak for themselves. Any remaining allegations in paragraph 7 are denied.

8.      Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

9.      Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

10.      Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to attorneys' fees and cost relief, or any relief whatsoever.

### Jurisdiction and Venue

11.      Denied as stated.  Secretary Hosemann admits only that the federal statute

referenced in paragraph 11 speaks for itself. Any remaining allegations in paragraph 11 are denied.

12.     Denied as stated. Secretary Hosemann admits only that the federal statutes referenced in paragraph 12 speak for themselves. Any remaining allegations in paragraph 12 are denied, and Secretary Hosemann affirmatively denies the court has subject matter jurisdiction over plaintiffs' claims.

13.     Denied as stated. Secretary Hosemann admits only he is subject to the court's personal jurisdiction, is a Mississippi statewide elected official, and resides and works in Mississippi. Any remaining allegations in paragraph 13 are denied.

14.     Denied as stated. Secretary Hosemann admits only that the federal statutes and rules referenced in paragraph 14 speak for themselves. Any remaining allegations in paragraph 14 are denied, and Secretary Hosemann affirmatively denies the plaintiffs are entitled to any relief whatsoever.

15.     Denied as stated. Secretary Hosemann admits only the federal statute referenced in paragraph 15 speaks for itself. Any remaining allegations in paragraph 15 are denied, and Secretary Hosemann affirmatively denies the plaintiffs are entitled to any attorneys' fees or other relief whatsoever.

16.     Denied as stated. Secretary Hosemann admits only the federal statute referenced in paragraph 16 speaks for itself and some of the events of which plaintiffs complaint occurred in this judicial District. Any remaining allegations in paragraph 16 are denied.

## Parties

### *Plaintiffs*

17.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, plaintiff Hopkins is a forty-three year old citizen of the United States and resident of Marshall County, and was convicted of grand larceny in 1998.  Secretary Hosemann lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 17, therefore, any remaining allegations in paragraph 17 are denied.

18.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, plaintiff Parker is a forty-four year old citizen of the United States and resident of Warren County, was convicted of grand larceny in 1993, and the legislation referenced in paragraph 18 speaks for itself.  Secretary Hosemann lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 18, therefore, any remaining allegations in paragraph 18 are denied.

19.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, plaintiff Kuhn is a forty-seven year old citizen of the United States and resident of Hinds County, was convicted of grand larceny in 1989, and any constitutional and code provisions, and judicial records referenced in paragraph 19 and footnote two speak for themselves.  Secretary Hosemann lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 19 and footnote two, therefore, any remaining allegations in paragraph 19 and footnote two are denied.

20.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, plaintiff Coleman is a fifty-four year old citizen of the United States and resident

of Hinds County, and was convicted of receiving stolen property in 1997.  Secretary Hosemann lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 20, therefore, any remaining allegations in paragraph 20 are denied.

21.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, plaintiff O'neal is a thirty-seven year old citizen of the United States and resident of Forrest County, and was convicted of arson in 2011.  Secretary Hosemann lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 21, therefore, any remaining allegations in paragraph 21 are denied.

22.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, plaintiff Willhite is a thirty-six year old citizen of the United States and resident of Warren County, and was convicted of grand larceny in 2012.  Secretary Hosemann lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 22, therefore, any remaining allegations in paragraph 22 are denied.

### *Defendant*

23.     Denied as stated.  Secretary Hosemann admits only that the Mississippi Code provisions quoted and cited in paragraph 23 and footnotes three and four speak for themselves, the Secretary of State's authority, official duties and responsibilities are defined by Mississippi law, and that he has been sued here solely in his official capacity. Any remaining allegations in paragraph 23 are denied.

## General Allegations

Secretary Hosemann denies the allegations contained in the heading "I" on page seven of the complaint.

24.     Denied as stated.  Secretary Hosemann admits only that the newspaper article cited and quoted in paragraph 24 and footnote five speaks for itself.  Any remaining allegations in paragraph 24 and footnote five are denied.

25.     Denied as stated.  Secretary Hosemann admits only that the 1890 Constitution referenced in paragraph 25 speaks for itself.  Any remaining allegations in paragraph 25 are denied.

26.     Denied as stated.  Secretary Hosemann admits only that the publication referenced in paragraph 26 and footnotes six and seven speaks for itself.  Any remaining allegations in paragraph 26 and footnotes six and seven are denied.

Secretary Hosemann denies the allegations contained in the heading "A" on page eight of the complaint.

27.     Denied as stated.  Secretary Hosemann admits only that the constitutional provision cited and quoted in paragraph 27 and footnotes eight and nine speaks for itself.  Any remaining allegations contained in paragraph 27 and footnotes eight and nine are denied.

28.     Denied as stated.  Secretary Hosemann admits only that the judicial opinion cited and quoted in paragraph 28 and footnote ten speaks for itself.  Any remaining allegations in paragraph 28 and footnote ten are denied.

29.     Denied as stated.  Secretary Hosemann admits only that Section 241 of the

Mississippi Constitution speaks for itself.  Any remaining allegations in paragraph 29 are denied.

Secretary Hosemann denies the allegations contained in the heading "B" on page nine of the complaint.

30.     Denied as stated.  Secretary Hosmann admits only that the Congressional Act cited and quoted in paragraph 30 and footnote eleven speaks for itself.  Any remaining allegations in paragraph 30 and footnote eleven are denied.

Secretary Hosemann denies the allegations contained in the heading "C" on page ten of the complaint.

31.     Denied as stated.  Secretary Hosemann admits only that Section 253 of the Mississippi Constitution speaks for itself.  Any remaining allegations in paragraph 31 are denied.

32.     Denied as stated.  Secretary Hosemann admits only that Section 253 of the Mississippi Constitution speaks for itself.  Any remaining allegations in paragraph 32 are denied.

33.     Denied as stated.  Secretary Hosemann admits only that Section 253 of the Mississippi Constitution speaks for itself.  Any remaining allegations in paragraph 33 are denied.

34.     Denied as stated.  Secretary Hosemann admits only that the judicial opinion cited and quoted in paragraph 28 and footnotes twelve and thirteen speaks for itself.  Any remaining allegations in paragraph 28 and footnote ten are denied.

Secretary Hosemann denies the allegations contained in the heading "II" on page eleven of the complaint.

35.     Denied as stated.  Secretary Hosemann admits only that Section 241 of the Mississippi Constitution and the amendments referenced in paragraph 35 speak for themselves.  Any remaining allegations in paragraph 35 are denied.

36.     Denied as stated.  Secretary Hosemann admits only that Section 241 of the Mississippi Constitution cited and quoted in paragraph 36 and footnote fourteen speaks for itself.  Any remaining allegations in paragraph 36 and footnote fourteen are denied.

37.     Denied as stated.  Secretary Hosemann admits only that Section 253 of the Mississippi Constitution cited in paragraph 37 speaks for itself.  Any remaining allegations in paragraph 37 are denied.

38.     Denied as stated.  Secretary Hosemann admits only that the Attorney General opinion and voter registration application referenced in paragraph 38 and footnote fifteen speak for themselves.  Any remaining allegations in paragraph 38 and footnote fifteen are denied.

39.     Denied as stated.  Secretary Hosemann admits only that the Attorney General opinions referenced in paragraph 39 and footnotes sixteen and seventeen speak for themselves.  Any remaining allegations in paragraph 39 and footnotes sixteen and seventeen are denied.

40.     Denied as stated.  Secretary Hosemann admits only that the Attorney General opinions referenced in paragraph 40 speak for themselves.  Any remaining allegations in paragraph 40 are denied.

41.     Denied as stated.  Secretary Hosemann admits only that Section 244-A of the Mississippi Constitution and the code provision referenced and quoted in paragraph 41 and footnotes eighteen and nineteen speak for themselves.  Any remaining allegations

in paragraph 41 and footnotes eighteen and nineteen are denied.

42.   Denied as stated.  Secretary Hosemann admits only that the constitutional provision, code provision, and judicial opinions referenced and/or quoted in paragraph 42 and footnote twenty speak for themselves.  Any remaining allegations in paragraph 42 and footnote twenty are denied.

43.   Denied as stated.  Secretary Hosemann admits only that the constitutional provision and code provision referenced and/or quoted in paragraph 43 and footnote twenty-one speak for themselves.  Any remaining allegations in paragraph 43 and footnote twenty are denied.

44.   Denied as stated.  Secretary Hosemann admits only that the Attorney General opinion cited and quoted in paragraph 44 and footnote twenty-two speaks for itself.  Any remaining allegations in paragraph 44 and footnote twenty-two are denied.

Secretary Hosemann denies the allegations contained in the heading "III" on page eleven as stated.  Secretary Hosemann admits only that the Mississippi laws referenced in heading "III" on page eleven speak for themselves.  Any remaining allegations in the heading "III" on page eleven are denied.

45.   Denied as stated.  Secretary Hosemann admits only that the Mississippi laws referenced in paragraph 45 speak for themselves.  Any remaining allegations in paragraph 45 are denied.

46.   Denied as stated.  Secretary Hosemann admits only that the code provision cited and quoted in paragraph 46 speaks for itself.  Any remaining allegations in paragraph 46 are denied.

47.   Denied as stated.  Secretary Hosemann admits only that the code provision

cited and quoted in paragraph 47 speaks for itself.  Any remaining allegations in paragraph 47 are denied.

48.     Denied as stated.  Secretary Hosemann admits only that the code provision cited and quoted in paragraph 48 speaks for itself.  Any remaining allegations in paragraph 48 are denied.

49.     Denied as stated.  Secretary Hosemann admits only that the press release cited and quoted in paragraph 49 and footnotes twenty-three and twenty-four speaks for itself.  Any remaining allegations in paragraph 49 and footnotes twenty-three and twenty-four are denied.

Secretary Hosemann denies the allegations contained in the heading "IV" on page fifteen of the complaint.

50.     Denied as stated.  Secretary Hosemann admits only that the Mississippi laws and legislation referenced in paragraph 50 and footnote twenty-five speak for themselves.  Any remaining allegations in paragraph 50 and footnote twenty-five are denied.

Secretary Hosemann denies the allegations contained in the heading "A" on page sixteen of the complaint.

51.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation speaks for itself.  Any remaining allegations in paragraph 51 and its graphical representations are denied.

Secretary Hosemann denies the allegations contained in the heading "1" on page seventeen as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in heading "1" on page seventeen speaks for itself.  Any

remaining allegations in the heading "1" on page seventeen are denied.

52.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 52 speaks for itself.  Any remaining allegations in paragraph 52 are denied.

53.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 53 speaks for itself.  Any remaining allegations in paragraph 53 are denied.

54.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 54 speaks for itself.  Any remaining allegations in paragraph 54 are denied, and Secretary Hosemann specifically denies the Mississippi Secretary of State has any role or duty in connection with the Legislature's consideration of suffrage bills whatsoever.

55.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 55 speaks for itself.  Any remaining allegations in paragraph 55 are denied.

Secretary Hosemann denies the allegations contained in the heading "2" on page eighteen as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in heading "2" on page eighteen speaks for itself.  Any remaining allegations in the heading "2" on page eighteen are denied.

56.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 56 speaks for itself.  Any remaining allegations in paragraph 56 are denied.

57.     Denied as stated.  Secretary Hosemann admits only that the legislative

process for passing legislation referenced in paragraph 57 speaks for itself.  Any remaining allegations in paragraph 57 are denied.

58.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 58 speaks for itself.  Any remaining allegations in paragraph 58 are denied.

Secretary Hosemann denies the allegations contained in the heading "3" on page nineteen as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in heading "3" on page nineteen speaks for itself.  Any remaining allegations in the heading "3" on page nineteen are denied.

59.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 59 speaks for itself.  Any remaining allegations in paragraph 59 are denied.

Secretary Hosemann denies the allegations contained in the heading "4" on page nineteen as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in heading "4" on page nineteen speaks for itself.  Any remaining allegations in the heading "4" on page nineteen are denied.

60.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 60 speaks for itself.  Any remaining allegations in paragraph 60 are denied.

61.     Denied as stated.  Secretary Hosemann admits only that the legislation referenced in paragraph 61 speaks for itself.  Any remaining allegations in paragraph 61 are denied.

Secretary Hosemann denies the allegations contained in the heading "5" on page

nineteen as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in heading "5" on page nineteen speaks for itself.  Any remaining allegations in the heading "5" on page nineteen are denied.

62.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 62 speaks for itself.  Any remaining allegations in paragraph 62 are denied.

Secretary Hosemann denies the allegations contained in the heading "6" on page twenty as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in heading "6" on page twenty speaks for itself.  Any remaining allegations in the heading "6" on page twenty are denied.

63.     Denied as stated.  Secretary Hosemann admits only that the legislative process for passing legislation referenced in paragraph 62 speaks for itself.  Any remaining allegations in paragraph 62 are denied.

Secretary Hosemann denies the allegations contained in the heading "B" on page twenty.

64.     Denied as stated.  Secretary Hosemann admits only that the legislation referenced in paragraph 64 speaks for itself.  Any remaining allegations in paragraph 64 are denied.

65.     Denied as stated.  Secretary Hosemann admits only that the legislation referenced in paragraph 65 speaks for itself.  Any remaining allegations in paragraph 65 are denied.

66.     Denied.

Secretary Hosemann denies the allegations contained in the chart on pages

twenty to twenty-two as stated.  Secretary Hosemann admits only that the legislation upon which the chart on pages twenty to twenty-two appears to be based speaks for itself.  Any remaining allegations contained in the chart on pages twenty to twenty-two are denied.

Secretary Hosemann denies the allegations contained in the heading "V" on page twenty-two as stated.  Secretary Hosemann admits only that Mississippi law prescribes that certain persons convicted of felonies lose the right to vote. Any remaining allegations in the heading "V" on page nineteen are denied.

67.    Denied as stated.  Secretary Hosemann admits only that the official data apparently referenced in paragraph 67 speaks for itself. Any remaining allegations in paragraph 67 are denied.

68.    Denied as stated.  Secretary Hosemann admits only that the official data apparently referenced in paragraph 68 speaks for itself. Any remaining allegations in paragraph 68 are denied.

69.    Denied as stated.  Secretary Hosemann admits only that the official data apparently referenced in paragraph 69 and footnote twenty-six speaks for itself. Any remaining allegations in paragraph 69 and footnote twenty-six are denied.

70.    Denied as stated.  Secretary Hosemann admits only that the official data apparently referenced in paragraph 70 and the chart on page twenty-three speaks for itself.  Any remaining allegations in paragraph 70 and the chart on page twenty-three are denied.

Secretary Hosemann denies the allegations contained in the heading "VI" on page twenty-three.

71.     Denied as stated.  Secretary Hosemann admits only that the state laws apparently referenced in paragraph 71 speak for themselves.  Any remaining allegations in paragraph 71 are denied.

72.     Denied as stated.  Secretary Hosemann admits only that the judicial opinion referenced and quoted in paragraph 72 and footnotes twenty-seven and twenty-eight speaks for itself.

73.     Denied as stated.  Secretary Hosemann admits only that the state laws and judicial opinion referenced in paragraph 73 and footnotes twenty-nine and thirty speak for themselves.  Any remaining allegations in paragraph 73 are denied.

74.     Denied as stated.  Secretary Hosemann admits only that the state laws and governmental publications referenced in paragraph 74 and footnotes thirty-one and thirty-two speak for themselves.  Any remaining allegations in paragraph 74 and footnotes thirty-one and thirty-two are denied.

75.     Denied as stated.  Secretary Hosemann admits only that the state laws, judicial opinion, and governmental publication referenced in paragraph 75 and footnotes thirty-three through thirty-five speak for themselves.  Any remaining allegations in paragraph 75 and footnotes thirty-three through thirty-five are denied.

Secretary Hosemann denies the allegations contained in the graphic and charts appearing on pages twenty-six through twenty-eight and footnotes thirty-six through forty-two as stated.  Secretary Hosemann admits only the state laws referenced in the graphic and charts appearing on pages twenty-six through twenty-eight and footnotes thirty-six through forty-two speak for themselves.  Any remaining allegations contained in the graphic and charts appearing on pages twenty-six through twenty-eight and

footnotes thirty-six through forty-two are denied.

76.     Denied as stated.  Secretary Hosemann admits only that the state laws and newspaper articles referenced in paragraph 76, its subparts, and footnotes forty-three through forty-nine speak for themselves.  Any remaining allegations in paragraph 76, its subparts, and footnotes forty-three through forty-nine are denied.

77.     Denied as stated.  Secretary Hosemann admits only that the state laws referenced in paragraph 77, its subparts, and footnotes fifty through fifty-three speak for themselves.  Any remaining allegations in paragraph 77, its subparts, and footnotes fifty through fifty-three are denied.

78.     Denied as stated.  Secretary Hosemann admits only that the state laws, governmental publications, and newspaper articles referenced in paragraph 78, its subparts, and footnotes fifty-four through sixty-four speak for themselves.  Any remaining allegations in paragraph 78, its subparts, and footnotes forty-three through forty-nine are denied.

79.     Denied as stated.  Secretary Hosemann admits only that the judicial opinion referenced in paragraph 79 and footnote sixty-five speaks for itself.  Any remaining allegations in paragraph 79 and footnote sixty-five are denied.

Secretary Hosemann denies the allegations contained in the heading "VII" on page thirty-three.

80.     Denied as stated.  Secretary Hosemann admits only that the constitutional provision cited and quoted in paragraph 80 speaks for itself.  Any remaining allegations in paragraph 80 are denied.

81.     Denied as stated.  Secretary Hosemann admits only that the constitutional

provision cited and quoted in paragraph 81 speaks for itself.  Any remaining allegations in paragraph 81 are denied.

82.     Denied as stated.  Secretary Hosemann admits only that the constitutional provision cited and quoted in paragraph 82 speaks for itself.  Any remaining allegations in paragraph 82 are denied.

83.     Denied as stated.  Secretary Hosemann admits only that the constitutional provisions, judicial opinion, and publication quoted and/or referenced in paragraph 83 and footnotes sixty-six and sixty-seven speak for themselves.  Any remaining allegations in paragraph 83 and footnotes sixty-six and sixty-seven are denied.

84.     Denied as stated.  Secretary Hosemann admits only that the constitutional provision cited and quoted in paragraph 84 speaks for itself.  Any remaining allegations in paragraph 84 are denied.

85.     Denied as stated.  Secretary Hosemann admits only that the constitutional provision and governmental publication cited and quoted in paragraph 85 and footnote sixty-eight speak for themselves.  Any remaining allegations in paragraph 85 and footnote sixty-eight are denied.

**Class Action Allegations**

86.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

87.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

88.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

89.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

90.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

91.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

92.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

93.     Denied as stated.  Secretary Hosemann admits only, upon information and belief, the named plaintiffs are currently ineligible to vote under Mississippi law.  Any remaining allegations in paragraph 93 are denied, and Secretary Hosemann further affirmatively denies plaintiffs are entitled to class status or any relief whatsoever.

94.     Denied as stated.  Secretary Hosemann admits only that the named plaintiffs are represented by Southern Poverty Law Center and Simpson Thatcher & Bartlett LLP.  Any remaining allegations in paragraph 94 are denied, and Secretary Hosemann further affirmatively denies plaintiffs are entitled to class status or any relief whatsoever.

95.     Denied, and Secretary Hosemann further affirmatively denies the plaintiffs are entitled to class status or any relief whatsoever.

## Causes of Action

## First Cause of Action

Secretary Hosemann denies the allegations in the unnumbered headings and parentheticals on page thirty-eight.

96.     Secretary Hosemann incorporates his responses to the previous paragraphs.

97.     Denied as stated.  Secretary Hosemann admits only that the Mississippi laws referenced in paragraph 97 speak for themselves.  Any remaining allegations in paragraph 97 are denied.

98.     Denied as stated.  Secretary Hosemann admits only that the state laws referenced in paragraph 98 speak for themselves.  Any remaining allegations in paragraph 98 are denied.

99.     Denied.

100.    Denied.

101.    Denied.

## Second Cause of Action

Secretary Hosemann denies the allegations in the unnumbered headings and parentheticals on page thirty-nine.

102.    Secretary Hosemann incorporates his responses to the previous paragraphs.

103.    Denied as stated.  Secretary Hosemann admits only the constitutional provision referenced in paragraph 103 speaks for itself.  Any remaining allegations in paragraph 103 are denied.

104.    Denied as stated.  Secretary Hosemann admits only the constitutional provision and judicial opinion referenced in paragraph 104 and footnote sixty-nine speak for themselves.  Any remaining allegations in paragraph 104 and footnote sixty-nine are denied.

105.   Denied.

106.   Denied.

107.   Denied.

### Third Cause of Action

Secretary Hosemann denies the allegations in the unnumbered headings and parentheticals on page forty.

108.   Secretary Hosemann incorporates his responses to the previous paragraphs.

109.   Denied as stated.  Secretary Hosemann admits only the Mississippi laws referenced in paragraph 109 speak for themselves and plaintiffs do not challenge the Governor of Mississippi's authority to issue pardons.  Any remaining allegations in paragraph 109 are denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

### Fourth Cause of Action

Secretary Hosemann denies the allegations in the unnumbered headings and parentheticals on page forty-one.

114.   Secretary Hosemann incorporates his responses to the previous paragraphs.

115.   Denied as stated.  Secretary Hoseman admits only the constitutional provision cited and quoted in paragraph 115 speaks for itself.  Any remaining allegations

in paragraph 115 are denied.

116.    Denied as stated.  Secretary Hoseman admits only the constitutional provision referenced in paragraph 116 speaks for itself.  Any remaining allegations in paragraph 116 are denied.

117.    Denied.

118.    Denied.

119.    Denied.

## Fifth Cause of Action

Secretary Hosemann denies the allegations in the unnumbered headings and parentheticals on page forty-two.

120.    Secretary Hosemann incorporates his responses to the previous paragraphs.

121.    Denied.

122.    Denied.

123.    Denied as stated.  Secretary Hosemann admits only the official data referenced in paragraph 123 speaks for itself.  Any remaining allegations in paragraph 123 are denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

## Prayer for Relief

Secretary Hosemann denies the allegations in the unnumbered paragraph

beginning with "WHEREFORE, the named Plaintiffs..." on page forty-three, including its subparts (A) through (O) and affirmatively denies that the plaintiffs are entitled to any relief whatsoever.  Furthermore, any and all allegations in the complaint not specifically admitted above are hereby denied, as well as all of the complaint's conclusory assertions and averments, and legal conclusions.

### FIRST DEFENSE

Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction.

### SECOND DEFENSE

Plaintiffs' claims should be dismissed for lack of Article III standing and/or prudential standing.

### THIRD DEFENSE

Some or all of plaintiffs' claims are barred by the Eleventh Amendment and/or sovereign immunity.

### FOURTH DEFENSE

Plaintiffs' complaint fails to state a claim for relief.

### FIFTH DEFENSE

Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

### SIXTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel.

### SEVENTH DEFENSE

Some or all of plaintiffs' claims constitute a non-justiciable political question.

**EIGHTH DEFENSE**

Secretary Hosemann affirmatively asserts all immunities to which he is entitled, whether absolute or qualified, which bar some or all of plaintiffs' claims.

**NINTH DEFENSE**

Plaintiffs' claims should be dismissed for failure to join a party(ies) under Fed. R. Civ. P. 19.

**TENTH DEFENSE**

Plaintiffs' complaint fails to state any claims entitling them to class relief under Rule 23.

**ELEVENTH DEFENSE**

Secretary Hosemann affirmatively asserts Plaintiffs' action should be consolidated with *Harness, et al. v. Hosemann*, Civil Action No. 3:17cv791-DPJ-FKB for all purposes pursuant to Fed. R. Civ. P. 42(a) and Local Rule 42.

**TWELFTH DEFENSE**

Secretary Hosemann affirmatively asserts all defenses to which he is entitled, or may become entitled to assert following further discovery in this matter, pursuant to Fed. R. Civ. P. 8(c) and/or 12(b).

FOR THESE REASONS, Defendant Delbert Hosemann, Secretary of State of Mississippi, respectfully requests that his answer and defenses be received and that, upon completion of the appropriate proceedings in this matter, the Plaintiffs' complaint be dismissed with prejudiced and that the Court award Secretary Hosemann all costs as well as any other expenses and/or attorneys fees to which he may be entitled by law.

THIS the 17th day of April, 2018.

Respectfully submitted,

SECRETARY OF STATE DELBERT
HOSEMANN, in his official capacity

BY:    JIM HOOD, ATTORNEY GENERAL

By:    <u>S/Justin L. Matheny</u>
Justin L. Matheny (Bar No. 100754)
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*jmath@ago.state.ms.us*

*Counsel for Defendant Secretary of
State Delbert Hosemann, in his official
capacity*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been electronically filed via the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action to date.

THIS the 17th day of April, 2018.

<u>S/Justin L. Matheny</u>
Justin L. Matheny