No. 19-60662

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**DENNIS HOPKINS, individually and on behalf of a class of all others similarly situated,**

*(Continuation of Caption on Following Page)*

*Plaintiffs – Appellees*

**VERSUS**

**SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity,**

*Defendant – Appellant*

# MISSISSIPPI SECRETARY OF STATE DELBERT HOSEMANN'S UNOPPOSED MOTION TO CONSOLIDATE APPEALS AND TO SUPPLEMENT THE RECORD

Justin L. Matheny, MSB # 100754
Krissy C. Nobile, MSB # 103577
STATE OF MISSISSIPPI
ATTORNEY GENERAL'S OFFICE
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3824
jmath@ago.ms.gov
knobi@ago.ms.gov

*Counsel for Defendant-Appellant*

_____

**HERMAN PARKER, JR., individually and on behalf of a class of all others similarly situated; WALTER WAYNE KUHN, JR., individually and on behalf of a class of all others similarly situated; BYRON DEMOND COLEMAN, individually and on behalf of a class of all others similarly situated; JON O'NEAL, individually and on behalf of a class of all others similarly situated; EARNEST WILLHITE, individually and on behalf of a class of all others similarly situated,**

*Plaintiffs – Appellees*

_____

# **CERTIFICATE OF INTERESTED PARTIES**

*Hopkins et al. v. Hosemann*, Case No. 19-60662

Undersigned counsel certifies that the following listed persons have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. Dennis Hopkins, Herman Parker, Jr., Walter Wayne Kuhn Jr., Byron Demond Coleman, Jon O'Neal, and Earnest Willhite, Plaintiffs-Respondents Cross-Petitioners;

2. Janet A. Gochman, Isaac Rethy, Jonathan K. Youngwood, Nihara Karim Choudhri, Tyler A. Anger, Simpson, Thacher & Bartlett, LLP, Attorneys for Plaintiffs-Respondents Cross-Petitioners;

3. Paloma Wu, Lisa S. Graybill, Caren E. Short, Nancy G. Abudu, The Southern Poverty Law Center, Attorneys for Plaintiffs-Respondents Cross-Petitioners;

4. Secretary of State Delbert Hosemann, in his official capacity, Defendant-Petitioner Cross-Respondent;

5. Justin L. Matheny, Krissy C. Nobile, Mississippi Office of the Attorney General Attorney, Attorneys for Defendant-Petitioner Cross-Respondent;

SO CERTIFIED, this the 16th day of September, 2019.

/s/ *Krissy C. Nobile*
Krissy C. Nobile

# MOTION TO CONSOLIDATE APPEALS AND MOTION TO SUPPLEMENT THE RECORD

The Court should consolidate this appeal assigned Cause No. 19-60662, taken from the district court's August 7, 2019 Order pursuant to the collateral order doctrine, with the parties' separately-docketed interlocutory appeal assigned Cause No. 19-60678, taken from the same August 7, 2019 Order. Additionally, so that the record on appeal is complete, the record should be supplemented.

This litigation stems from two cases that were consolidated by the district court. Specifically, the instant Hopkins lawsuit, which is Cause No. 3:18-cv-00188-DPJ-FKB in the district court, was consolidated with the earlier-filed Harness lawsuit, which is Cause No. 3:17-cv-00791 in the district court.

All of the summary judgment briefing and evidentiary submissions for the consolidated cases were filed in Cause No. 3:17-cv-00791. The current appellate record, however, omits all of those filings because it consists only of the record for Cause No. 3:18-cv-00188-DPJ-FKB. The record thus should be supplemented.

By way of background, in 2017 and 2018, two separate groups of convicted felons brought suit seeking to regain the right to vote. The first lawsuit was brought by Roy Harness, Kamal Karriem, and others in September 2017 ("Harness plaintiffs").[1] After that, in March 2018, Dennis Hopkins, Herman Parker, Jr., Walter

---

[1] Subsequently, all Harness plaintiffs other than Harness and Karriem voluntarily dismissed their claims. [Cause No. 3:17-cv-0079, Dkt. 58].

1

Wayne Kuhn Jr., Byron Demond Coleman, Jon O'Neal, and Earnest Willhite ("Hopkins plaintiffs") brought a similar lawsuit.[2] Both suits were filed against the Mississippi Secretary of State, in his official capacity.

The Hopkins plaintiffs' suit, Cause No. 3:18-cv-00188-DPJ-FKB, was consolidated with the earlier-filed Harness lawsuit, Cause No. 3:17-cv-00791-DPJ-FKB. Eventually, all parties in the consolidated cases moved for summary judgment on all claims. The summary judgment filings were filed in Cause No. 3:17-cv-00791-DPJ-FKB.

On August 7, 2019, the district court issued an Order addressing the competing summary judgment motions. *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91]. The district court rejected all claims brought by the Harness plaintiffs, and it granted summary judgment to the Secretary. *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91]. The court then severed the Harness plaintiffs' lawsuit and entered a judgment dismissing the case with prejudice. *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91].[3]

Next, the district court denied the Hopkins plaintiffs' motion for summary judgment in its entirety. *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91]. The

---

[2] *See* [Cause No. 3:18-cv-00188-DPJ-FKB].

[3] Because the earlier-filed Harness case was dismissed, it was severed from the Hopkins case after the district court issued its summary judgment order. Thus, the appeals in the Hopkins litigation were necessarily filed under the cause number for the Hopkins litigation, 3:18-cv-00188-DPJ-FKB.

2

court then granted in part and denied in part the Secretary's summary judgment motion as to the Hopkins plaintiffs' claims. *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91]. Summary judgment was denied only as to a single race-based equal protection challenge to Article 8, § 253 of the Mississippi Constitution. *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91]. In the same summary judgment Order, the court also *sua sponte* certified "all holdings in the still open Hopkins case for interlocutory appeal" pursuant to § 1292(b). *See* [Cause No. 3:17-cv-00791-DPJ-FKB, Dkt. 91 at 28-29].

On August 19, 2019, the Secretary and the Hopkins plaintiffs each filed a petition for interlocutory appeal in this Court.

On September 3, 2019, while the parties' cross-petitions for interlocutory appeal remained pending, the Secretary noticed a separate appeal from the district court's August 7 summary judgment Order (*i.e.*, this appeal). This Court docketed this appeal as Cause No. 19-60662. This appeal seeks review of the August 7 Order's rulings, pursuant to the collateral order doctrine, with respect to the Secretary's Eleventh Amendment immunity, and related jurisdictional issues.

On September 11, 2019, this Court granted the parties' cross-petitions for interlocutory appeal from the entirety of the district court's August 7 Order. The Court docketed the parties' interlocutory appeal as Cause No. 19-60678.

Because the Court granted the parties' cross-petitions for interlocutory appeal,

3

the parties' appeals in Cause Nos. 19-60662 and 19-60678 are now both properly before the Court. The parties to the appeals are identical. The records on the appeals should be identical. The issues in the appeals overlap. And the appeals are both taken from the same August 7 Order entered by the district court in Cause No. 3:17-cv-00791-DPJ-FKB.

Thus, in the interests of efficiency and conservation of the parties' and the Court's resources, the Court should consolidate Cause Nos. 19-60662 and 19-60678 as a single appeal. Additionally, the record on appeal in the consolidated single appeal should be supplemented to include the district court record in Cause No. 3:17-cv-00791-DPJ-FKB.

FOR THESE REASONS, the Secretary of State respectfully requests that this Court enter an order consolidating this appeal assigned Cause No. 19-60662 with the parties' separately-docketed appeal assigned Cause No. 19-60678, and directing the parties to file all future submissions to the Court in Cause No. 19-60662. Additionally, the Secretary of State respectfully requests that this Court supplement the record on appeal pursuant to Fifth Circuit Rule 27.1.11 to include the record for Cause No. 3:17-cv-00791-DPJ-FKB.

Dated: September 16, 2019.

Respectfully submitted,

**SECRETARY OF STATE DELBERT HOSEMANN, in his official capacity**

**BY: JIM HOOD, ATTORNEY GENERAL**

By: /s/ *Krissy C. Nobile*
Justin L. Matheny (Bar No. 100754)
Krissy C. Nobile (Bar No. 103577)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3824
jmath@ago.ms.gov
knobi@ago.ms.gov

*Counsel for Secretary of State Delbert Hosemann, in his official capacity*

5

# CERTIFICATE OF SERVICE

I, Krissy C. Nobile, certify that I electronically filed this brief with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all counsel of record.

Dated: September 16, 2019

*/s/ Krissy C. Nobile*
Krissy C. Nobile
*Counsel for Secretary of State Delbert Hosemann, in his official capacity*

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Fifth Circuit Rule 27.4, undersigned counsel for the Mississippi Secretary of State conferred via e-mail with opposing counsel for the Hopkins plaintiffs concerning this Motion to Consolidate and Motion to Supplement the Record. Undersigned counsel was advised that counsel for plaintiffs do not oppose the Motion to Supplement the Record. All parties also agree that Cause Nos. 19-60662 and 19-60678 should be consolidated into a single appeal. However, counsel for the Hopkins plaintiffs indicated to undersigned counsel that they separately will be filing a Motion because they seek to expedite the consolidation and the appeal.

Dated: September 16, 2019.

Respectfully submitted,

*/s/ Krissy C. Nobile*
Krissy C. Nobile
*Counsel for Secretary of State Delbert Hosemann, in his official capacity*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

This brief complies with word limitations of Fed. R. App. P. 27 because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) & 5(b)(1)(E), it contains 841 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally-spaced typeface, including serifs, using Word, in Times New Roman 14-point font, except for the footnotes, which are in proportionally-spaced typeface, including serifs, using Word in Times New Roman 12-point font.

Respectfully submitted,

*/s/ Krissy C. Nobile*
Krissy C. Nobile
*Counsel for Secretary of State Delbert Hosemann, in his official capacity*

8